# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5404 | **DATE** | 2-1-02 |
| **CASE TITLE** | Indira Adusumilli vs. Swedish Covenant Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant's motion to dismiss [#12] is granted. The complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated. The defendant is directed to file a bill of costs and motion for attorney's fees within fourteen days of the date of this order.

(11) ■ [See attached Memorandum Opinion and Order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 0 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials mjm | | date mailed notice | |
| | | | mailing deputy initials | |

INDIRA ADUSUMILLI,                )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )    01 CV 5404
                                  )
SWEDISH COVENANT HOSPITAL,        )
                                  )
    Defendant.                    )

## MEMORANDUM OPINION AND ORDER

The plaintiff, Indira Adusumilli, has brought this *pro se* civil action pursuant to 42 U.S.C. § 2000e. The plaintiff claims that the defendant, Swedish Covenant Hospital, has discriminated against her on the basis of her sex, in violation of Title VII. More specifically, the plaintiff alleges that although she has repeatedly complained to her employer about a sexually hostile work environment and pervasive sexual harassment, the defendant has failed to transfer her to a different department or to take any other corrective action. The plaintiff additionally maintains that the defendant has retaliated against her for challenging her mistreatment. This matter is before the court for consideration of the defendant's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion will be granted.



It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp.2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992).

## FACTS

The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: The plaintiff has been employed as an administrative secretary in the pharmacy department at Swedish Covenant Hospital since June 8, 2000. The

plaintiff contends that male coworkers and supervisors have subjected her to a "sexually hostile" work environment ever since she began working there.

More specifically, the plaintiff alleges that a male technician, Tudor Iacob, "inappropriately poked [plaintiff's] fingers" when he was showing her a pneumatic tube. A male director, Ramesh Patel, inappropriately touched her hands on several occasions while showing her how to use a computer program and when taking binders the plaintiff handed him. Patel additionally looked at the plaintiff's groin once and stared at her face on multiple occasions, making her feel uncomfortable. A male co-worker, Jun Magsino, touched the plaintiff's fingers and hands while showing her how to prepare a gel. Another co-worker, Merdin Kyaw, ogled the plaintiff's breasts. Supervisor Zoon Park intentionally brushed his hips against the plaintiff's when they were standing together in the pharmacy. Park also touched the plaintiff's hand "inappropriately" when the plaintiff was giving him a binder. He once approached the plaintiff, stood very close to her, and stared.

The plaintiff reported the above incidents to the hospital's President and CEO, Mark Newton, as well as Anthony Guaccio, the Vice President of Human Resources.

Following the plaintiff's complaint, male technician Sandeep Mehta touched his penis to the plaintiff's hips and told her that she looked beautiful. Another co-worker, Michael Vo, rubbed his arm against hers. A mailroom employee intentionally touched the plaintiff's fingers on three occasions when she was giving boxes to him. Another

male co-worker stared at the plaintiff's breasts during a meeting. The plaintiff again reported the matters to the Human Resources Department, but no action was taken.

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission [hereinafter, "EEOC"] on March 13, 2001.

Subsequently, the plaintiff requested a transfer to another department. Guaccio told her that she would not be transferred unless she withdraw her EEOC charge.

When the plaintiff brought the issues to the attention of her direct supervisor, Patel, he told her to look for another job. Patel additionally docked the plaintiff an hour's pay for attending a funeral over her lunch hour, even though the plaintiff had received permission to attend the funeral and had returned to work within an hour.

The plaintiff has suffered "adverse mental health," including depression and unspecified "mental disability," as a result of the perceived harassment. The plaintiff has been under the treatment of physicians for her psychological distress.

On April 23, 2001, the plaintiff received her Notice of Right to Sue. She initiated this lawsuit on July 13, 2001.

## DISCUSSION

Even accepting the plaintiff's factual allegations as true, the complaint fails to state a claim as a matter of law. The work conditions the plaintiff describes do not amount to a sexually hostile work environment. Moreover, the plaintiff did not suffer any adverse employment action that rose to the level of actionable retaliation after she

4

filed an EEOC charge. In fact, the plaintiff has filed at least five other lawsuits against schools and other employers making substantially similar allegations.[1] In each case, the courts have rejected the plaintiff's claims and explained to her what is and is not actionable. Because in pursuing this lawsuit the plaintiff continues to ignore court rulings and well established case law, the defendant will be awarded its costs and attorneys' fees incurred in defending this suit.

## I. Sexually Hostile Work Environment

Under Title VII of the Civil Rights Act of 1964, it is unlawful "for an employer to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). An employer violates Title VII when "discrimination based on sex ... create[s] a hostile or abusive work environment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986).

However, "not all workplace conduct that may be described as 'harassment' affects a 'term, condition, or privilege' of employment within the meaning of Title VII." *Id.* at 67. Rather, "[f]or sexual harassment to be actionable, it must be sufficiently severe

---

[1] The court's docket reflects the following cases filed by the plaintiff in this district, besides the instant case: *Adusumilli v. Chicago Police Dept.*, Case No. 95 C 7680; *Adusumilli v. Loyola University*, Case No. 97 C 8188; *Adusumilli v. Illinois Institute of Technology*, Case No. 97 C 8507; *Adusumilli v. Novus Services*, Case No. 98 C 6129; and *Adusumilli v. Discover Financial Services.*, Case No. 00 C 5522. Four of the five are employment discrimination cases; the other is a Title IX civil rights action against a school alleging sexual harassment.

5

or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (internal quotation marks and citations omitted); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 785 (1998). The complained-of conduct must be "hostile or deeply repugnant" rather than merely "unpleasant." *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 431 (7th Cir. 1995) (rejecting plaintiff's claim of hostile work environment even though plaintiff alleged that her supervisor called her "pretty girl," made grunting noises when she wore a skirt, suggested she "run around naked," called her his "Anita Hill," and pantomimed masturbation in her presence).

Moreover, "isolated and innocuous" incidents will not rise to the level required to establish hostile work environment, whatever the plaintiff's subjective perceptions. *See Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 444 (7th Cir. 1994). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (internal citations omitted). In order to prevail on a hostile environment sexual harassment claim, a plaintiff must show that his or her work environment was both subjectively and objectively hostile. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). An objectively hostile environment is one that a reasonable person would find hostile or abusive. *Id.* at 21, 23. In determining whether a plaintiff has met this standard, courts must consider all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating

or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23.

In this case, the plaintiff fails to state a colorable claim for sexual harassment because the alleged conduct has not been severe, debilitating, or pervasive enough to create a hostile work environment. To the contrary, the plaintiff complains of conduct remarkably similar to perceived offenses that the courts have repeatedly discounted in her prior lawsuits. *See, e.g., Adusumilli v. City of Chicago*, No. 95 CV 7680, 1997 WL 769457, *9 (N.D. Ill.1997) (Plunkett, J.) (granting employer's motion for summary judgment and holding that allegations that co-workers ogled the plaintiff and touched her arm, fingers, and buttocks did not give rise to a Title VII claim), *aff'd Adusumilli v. City of Chicago*, 164 F.3d 353, 361-62 (7th Cir. 1998), *cert. denied*, 528 U.S. 988 (1999); *Adusumilli v. Illinois Institute of Technology*, No. 97 CV 8507, 1998 WL 601822, *4 (Leinenweber, J.) (granting motion to dismiss Title IX claim of sexual harassment because the plaintiff's allegations that various professors and students ogled her and touched her hand, shoulder, back, leg, and breast failed to state a claim). In each of these cases, the plaintiff has alleged some form of ogling and inappropriate touching; in each case, her claims have been rejected.

As with all of her prior cases, it is clear that the instances of conduct the plaintiff alleges in the instant complaint constitute harmless and isolated incidents that do not rise to the level of creating a hostile work environment. Even if the plaintiff has found the

7

staring and touching offensive, her subjective perceptions are insufficient to state an actionable claim. Only a single incident–when a co-worker allegedly touched his penis against the plaintiff–could be deemed serious, and only then if the plaintiff's perception was correct and he hadn't simply unintentionally brushed against her. That episode, while offensive and inexcusable if intentional, was not sufficient, either by itself or in conjunction with the other events described by the plaintiff, to create a sexually hostile work environment. No reasonable person could find that the incidents about which the plaintiff complains have been so objectively extreme or humiliating as to rise to the level of a Title VII violation.

"Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive--is beyond Title VII's purview." *Harris,* 510 U.S. at 23; *McKenzie v. Illinois Dept. of Transportation,* 92 F.3d 473, 480 (7th Cir. 1996). Whatever the plaintiff's subjective perceptions may be, the minor incidents complained of here do not suffice to state a claim for hostile work environment sexual harassment. In numerous other cases, including *Baskerville* and the plaintiff's own previous suits, the courts have held that conduct much more severe than the conduct the plaintiff currently alleges does not constitute actionable sexual harassment. *See, e.g., McKenzie,* 92 F.3d at 479-80 (holding that three sexually suggestive comments over a three-month period did not create a hostile work environment); *Saxton v. American Telephone & Telegraph Co.,* 10 F.3d

8

526, 534-35 (7th Cir. 1993) (holding that supervisor who inappropriately teased plaintiff, kissed her, touched her leg and upper thigh, and lurched at her did not create hostile work environment).

Under these circumstances, it is clear that the plaintiff cannot maintain any claim of sexual harassment. It may well be that the plaintiff genuinely believes that she has been the victim of sexual harassment, but her perceptions are completely unreasonable, if not irrational. Although the court has examined the plaintiff's allegations in this case without regard to her prior cases, her accusations are completely unfounded and border on the standard of frivolousness set forth in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The plaintiff has provided no facts whatsoever to support her contention that this case is somehow "different" from her other cases, or that her previous lawsuits were improperly dismissed by "intentionally unfair" judges. Given the number of times the plaintiff has been told what does and does not rise to the level of an actionable claim for sexual harassment, her claim that she has been subjected to a hostile work environment is dismissed with prejudice.

## II. Retaliation

The complaint likewise fails to state a cognizable retaliation claim. Defense counsel is mistaken in her assertion that the plaintiff raised the issue of retaliation for the first time in her brief opposing dismissal. The *pro se* complaint plainly advances a theory of recovery based on retaliation. The plaintiff alleges both that she was promised

9

a transfer only if she agreed to drop her EEOC charge, and that she was unjustly punished for attending a funeral over her lunch hour when she refused to do so.

Counsel also misstates the law with respect to exhaustion. It is true that a Title VII plaintiff may generally raise only claims that were brought before the EEOC or claims that are "like or reasonably related to" allegations in the EEOC charge. *See, e.g., Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). However, in this circuit there is an exception for retaliation claims in order to avoid multiple EEOC filings in cases where the filing of an EEOC charge is the catalyst for retaliation. *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000); *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996).

Nevertheless, the plaintiff's retaliation claim fails because she has not articulated any materially adverse consequences for pursuing her EEOC charge. Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, the plaintiff must allege that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse job action; and (3) a causal link exists between the protected expression and the adverse action. *Dey v. Colt Construction & Development Co.*, 28 F.3d 1446, 1457 (7th Cir. 1994). Although the

plaintiff's EEOC charge constituted statutorily protected activity, the court finds that the plaintiff did not suffer adverse employment actions.

According to the Seventh Circuit Court of Appeals,

> An adverse action occurs when an employee is fired or demoted, suffers a decrease in benefits or pay, or is given a significantly lesser job. Not every unwelcome employment action qualifies as an adverse action. Negative reviews, a change in job title, an increased distance to travel to work, or a lateral transfer do not, by themselves, qualify.

*Hill v. American General Finance, Inc.*, 218 F.3d 639, 644 (7th Cir. 2000).

In fact, it is not enough to state an adverse employment action–the plaintiff must show that she was subjected to "materially" adverse job action. *See, e.g., Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510-11 (7th Cir. 1999):

> Although we have defined the term broadly, the adverse job action must be "materially" adverse, meaning more than "a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993). We have explained, a materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Id.; see Burlington Indus. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed.2d 633 (1988) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.")

"[N]ot everything that makes an employee unhappy is an actionable adverse action." *Id.*, citing *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

11

In her complaint, the plaintiff complains of two "adverse" employment actions: her supervisor purportedly refused to transfer her to a different department unless she dropped her EEOC charge and she was docked an hour's pay for attending a funeral on her lunch hour. But neither adverse job action was "material." The denial of a transfer cannot be characterized as adverse employment action at all; to the contrary, the denial maintained the *status quo*. Furthermore, being docked an hour's pay for attending a funeral over a lunch hour, while perhaps unfair under the circumstances described by the plaintiff, simply does not rise to the level of a "materially adverse change in the terms and conditions of employment."

In response to the motion to dismiss, the plaintiff additionally claims that she received unfair performance evaluations, was passed over for [unspecified] "promotions and other positions" for which she applied, and was denied sick time to care for her ill child. As noted above, negative performance evaluations cannot be deemed materially adverse job consequences. Furthermore, the hospital's sick leave policy cannot reasonably be characterized as retaliatory even if every other past employer allowed the plaintiff to use sick time when her child was ill.

The only claim that gives the court pause is the plaintiff's assertion, raised for the first time in her brief opposing dismissal, that she has been denied promotions as a result of her EEOC charge. The court is troubled that defense counsel omitted reference to that allegation in the reply brief, addressing only whether performance evaluations and sick

time were materially adverse. "Adverse employment action" can encompass a failure to promote. *Spearman v. Ford Motor Co.*, 231 F.3d 1080 (7th Cir. 2000); *Hunt v. City of Markham, Ill.*, 219 F.3d 649, 654 (7th Cir. 2000).

But this court has already told the plaintiff on at least two occasions that unsupported allegations of retaliation do not comport with basic pleading requirements. *See Adusumilli v. Discover*, 1999 WL 286289 at *5 (no actionable claim where plaintiff failed to allege that any of the decision-makers involved in the implementation of actions she considered adverse knew about her EEOC charge or took action due to those complaints); *Adusumilli v. Illinois Institute of Technology*, 1998 WL 601822 at *5 (dismissing Adusumilli's retaliation claim because her "conclusory assertions do not satisfy" the requirement that plaintiff show a causal connection between the allegedly adverse action and the protected activity). *See also McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996) (dismissing retaliation claim where employee alleged no causal connection between the retaliatory conduct and the protected activity).

Despite the court's prior admonitions, the plaintiff has failed to state any facts to support her claim that she was denied promotions for retaliatory reasons. The plaintiff does not indicate what the promotions were, whether she was qualified for the new positions she sought, or that the persons in charge of the promotion decisions were even aware of her EEOC charge. The plaintiff's conclusory, one-sentence assertion in her brief is insufficient to state a claim that she was denied promotions due to her EEOC

charge, particularly given her past history of making similarly unsubstantiated claims though advised of the necessary elements of such a claim. The plaintiff's retaliation claims cannot survive the defendant's motion to dismiss. Because the plaintiff has failed to show either materially adverse employment action or causality, her retaliation claims are dismissed with prejudice.

### III. Costs of Suit

The plaintiff continues to file lawsuits making the same or substantially similar frivolous claims. The district and appellate courts in this circuit have repeatedly explained the law to the plaintiff concerning what constitutes sexual harassment and retaliation. A judge of this district court found at least one complaint, in *Adusumilli v. Discover Financial* Services, No. 98 C 6129, 1999 WL 286289, *6-7 (N.D. Ill. Apr. 19, 1999) (Gottschall, J.), to be "baseless" and sanctionable. The judge in that case even circulated her opinion to the other judges of the district so that they would be on notice of the plaintiff's frivolous litigation. In fact, the Court of Appeals, in an unpublished order, granted the defendant-appellee's motion for sanctions in connection with the appeal of that case. *See* Mandate entered August 20, 1999, in Appeal No. 99-2269. But warnings and even sanctions have not deterred the plaintiff from relitigating essentially the same lawsuit over and over, against different employers.

Rule 11 of the Federal Rules of Civil Procedure holds even unrepresented parties to a specified standard for filing claims in federal court. Specifically, the rule states that

14

"[b]y presenting to the court . . . a pleading, . . . an unrepresented person is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances,*--. . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. . . ." (emphasis added). Fed. R. Civ. P. 11(b).

"Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *U.S. ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 671 (7th Cir. 1995). In addition to sanctions, courts may also award attorneys' fees and court costs against *pro se* litigants who file frivolous or vexatious suits. Courts may even restrict a litigant's access to the courts. *See, e.g., Lysiak v. C.I.R.,* 816 F.2d 311, 313 (7th Cir. 1987) (holding that "[a] court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court" and enjoining *pro se* litigant from filing additional pleadings until previous monetary sanctions were paid); *Verdone,* 73 F.3d at 674 (ordering serial litigant to seek leave to file future pleadings).

Ms. Adusumilli's pattern of filing and pressing suits that have no legal basis is both disturbing and unduly costly to defendants and the courts alike. After losing

15

multiple lawsuits in which she alleged similar conduct, the plaintiff has pursued the instant lawsuit, which levels even less serious accusations of sexual harassment than the previous suits--and she did so even after being repeatedly cautioned by this court that complaints of ogling and touching would not suffice to state a claim for hostile work environment sexual harassment. It thus appears to the court that the plaintiff has not taken prior court rulings and warnings seriously.

The defendant has not moved for sanctions. Nevertheless, a prevailing defendant is entitled to costs and attorneys' fees if the plaintiff either brought suit in subjective bad faith or the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vitug v. Multistate Tax Com'n*, 883 F.Supp. 215, 218-19 (N.D. Ill. 1995), *citing Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); *Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir.1990). The court makes such a finding here. Because the plaintiff has put this court and yet another defendant to the time and expense of addressing a complaint containing claims nearly identical to those that have been repeatedly rejected in her previous suits, the defendant will be awarded attorneys' fees and costs of suit in accordance with Fed. R. Civ. P. 54(d)(1), 42 U.S.C. § 1988(b), and 42 U.S.C. § 2000e-5(k). The defendant is directed to submit a bill of costs and motion for attorneys' fees within fourteen days of the date of this order. If the plaintiff persists in litigating frivolous claims, the court may take more

drastic action, including punitive sanctions and/or a regulatory injunction restricting the plaintiff's filings.

## CONCLUSION

In sum, for the foregoing reasons, the defendant's motion to dismiss is granted as to all claims raised in the complaint. Both the plaintiff's sex discrimination and retaliation claims are patently without merit. Furthermore, on the court's own motion, attorneys' fees and costs of suit will be awarded in favor of the defendant, in an amount to be determined.

IT IS THEREFORE ORDERED, for the reasons set forth in this order, that the defendant's motion to dismiss [#12] is granted. The complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated.

IT IS FURTHER ORDERED that the defendant file a bill of costs and motion for attorneys' fees within fourteen days of the date of this order.

ENTER:

_Blanche M. Manning_
Blanche M. Manning
United States District Court

Dated: 2-1-02